UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  v.<br><br>THANG D. NGUYEN,<br><br>        Defendant. | CASE NO. CR08-252 RSM<br><br>DETENTION ORDER |

Offenses charged:

    Count 1 - Conspiracy to Manufacture Marijuana (1,000+ plants)

    Counts 2, 3, 4, 5 and 6 - Manufacturing Marijuana (100+ plants)

Date of Detention Hearing: 07/28/08

    The court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which defendant can meet will reasonably assure the appearance of defendant as required and the safety of any other person and the community.

DETENTION ORDER - 1
18 U.S.C. § 3142(i)

## FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1) The Indictment establishes probable cause to believe defendant committed the drug offenses charged in this case. The maximum penalty for each of these offenses is in excess of ten years. There is therefore a rebuttable presumption against defendant as to both dangerousness and flight risk, under 18 U.S.C. § 3142(e).

(2) Nothing in the record effectively rebuts that presumption.

(3) The charges involve a very significant quantity of marijuana. Defendant is charged with participation in marijuana grows in at least six different homes.

(4) Defendant (along with co-defendant Tina Tran) has been identified as a leader and organizer of this extensive operation. They each owned three of the houses involved.

(5) He has traveled extensively, including trips to Viet Nam, the place of his birth.

(6) He has no significant ties to this district. The very significant potential penalties would provide him a strong incentive to flee, if released on bond in this case. His recent employment as a clean-up person in a nail salon in Texas gives little assurance he will remain, if released in this case.

(7) Defendant is associated with the use of five alias names.

It is therefore ORDERED:

(1) Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is

confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 28th day of July, 2008.

_____
John L. Weinberg
United States Magistrate Judge

DETENTION ORDER - 3
18 U.S.C. § 3142(i)